**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

KING RANCH, INC., and KING RANCH
IP, LLC,

        Plaintiffs,

vs.                                       Case No. 6:12-cv-597-Orl-37KRS

KING RANCH CONTRACTORS, LLC;
CARLOS A. CINTRON; and TITO O.
MEDINA,

        Defendants.

**ORDER**

This cause is before the Court on the Report and Recommendation of Magistrate Judge Karla R. Spaulding. (Doc. 18) The Magistrate Judge recommended that this Court grant in part and deny in part Plaintiffs' Motion for Final, Default Judgment Against Defendants King Ranch Contractors, LLC and Carlos A. Cintron (Doc. 15). (See Doc. 18, pp. 19–20.) Plaintiffs filed a timely objection. (Doc. 19.)

**BACKGROUND**

Plaintiffs own and operate a national agricultural enterprise and its associated intellectual property, including multiple trademarks that refer to the King Ranch name. The trademarks have been licensed extensively, including its use by Ford Motor Company to brand a line of trucks. Defendants allegedly advertise and operate businesses that use confusingly similar names, *i.e.*, King Ranch Contractors, LLC and King Ranch Auto Glass. Plaintiffs brought this lawsuit against Defendants to enjoin the use of these confusingly similar marks.

This case has proceeded apace since its commencement. Plaintiffs served King

Ranch Contractors, LLC and Carlos A. Cintron. (Docs. 8, 9.) Upon Plaintiffs' application, Clerk entered a default as to these Defendants. (Docs. 12, 13.) Then, after the Court entered an order to show cause why the case should not be dismissed for failure to prosecute, Plaintiffs moved for entry of a default final judgment and entry of a permanent injunction. (Docs. 14, 15.) Plaintiffs also voluntarily dismissed its claims against Tito O. Medina prior to filing proof of service. (Doc. 16.)

The Magistrate Judge recommended granting in part and denying in part Plaintiffs' motion for entry of default judgment. (Doc. 18.) The Magistrate Judge, after thoroughly reviewing the allegations of the complaint, concluded that there were sufficient allegations of fact to find King Ranch Contractors, LLC and Cintron liable for violations of federal and common law trademark infringement (Counts I and V), federal unfair completion (Count II), and federal and Florida trademark dilution (Counts II and VII). The Magistrate Judge recommended that the Court dismiss Plaintiff's two remaining claims, one brought under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (Count IV), and a common law unfair completion claim (Count VI), because those claims were not supported by the well-pleaded factual allegations of the Complaint. The Magistrate Judge also recommended that this Court enter a permanent injunction based on the allegations of trademark infringement albeit not in the form and not with the mandatory requirements that Plaintiffs had requested.

Plaintiffs object to two portions of the Magistrate Judge's Report and Recommendation. (Doc. 19.) They contend that the record in this case provides sufficient factual allegations to support a finding that King Ranch Contractors, LLC and Cintron violated the ACPA claim. Plaintiffs object to the Magistrate Judge's recommendation against issuing an injunction containing certain mandatory

2

requirements as well.

## STANDARDS

**A.   Objections to a Magistrate Judge's Report and Recommendation**

When a party objects to the magistrate judge's findings, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A de novo determination requires the district judge to consider factual issues on the record independent of the magistrate judge's Report and Recommendation. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1). The district court reviews legal conclusions de novo, even in the absence of an objection. *Cooper-Houston v. S. Ry.*, 37 F.3d 603, 604 (11th Cir. 1994);

**B.   Entry of a Default Judgment**

The entry of a default judgment is committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the court. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Rather, the court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Id.* A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, which is to say that a defaulted defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co., Ltd.*,

3

515 F.2d at 1206.

## DISCUSSION

**A.     Anticybersquatting Consumer Protection Act Claim**

Plaintiffs object to the Magistrate Judge's recommendation that Plaintiffs' ACPA claim be dismissed. (Doc. 19, pp. 4–7.) Specifically, the Magistrate Judge concluded that Plaintiffs had not shown, through the factual allegations of the complaint, that King Ranch Contractors, LLC and Cintron used, registered, or trafficked in a domain name. (Doc. 18, p. 12.) Plaintiffs contend that well-plead allegations of the complaint provide support for all of the elements of an ACPA claim, especially a finding that King Ranch Contractors, LLC and Cintron used, registered, or trafficked in a domain name with a bad faith intent to profit. (Doc. pp. 4–7.)

> A person may be held liable under the APCA if that person:
>
>   (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
>
>   (ii) registers, traffics in, or uses a domain name that—
>   (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
>   (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or
>   (III) is a trademark, word, or name protected by reason of section 706 of title 18 or section 220506 of title 36.

15 U.S.C. § 1125(d)(1)(A). A person may only be held liable for using a domain name under the ACPA "if that person is the domain name registrant or that registrant's authorized licensee." *Id.* § 1125(d)(1)(D).

As recognized by the Magistrate Judge, there are no factual allegations in the complaint regarding the identity of the domain name registrant or whether King Ranch

4

Contractors, LLC and Cintron are that registrant's authorized licensee. (Doc. 18, pp. 12–13.) The allegations that Plaintiffs point to in their objection do not provide sufficient factual support for either finding.[1] Some allegations are bare conclusions of law and, as such, cannot be used to support a default judgment. *See Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206. Other allegations, rather than identifying a single person as the domain name registrant, imprecisely and ambiguously refer to "Defendants" and "their domain names."[2] Imprecise and ambiguous allegations do not provide a sufficient factual basis for this Court to award a default judgment.[3] The Court therefore overrules Plaintiffs' objection and adopts the recommendation of the Magistrate Judge.

**B.   Permanent Injunction**

Plaintiffs also object to the Magistrate Judge's recommendation that the Court reject an injunction that requires King Ranch Contractors, LLC and Cintron to certify in writing under oath that they have complied with the Court's orders. (Doc. 19, pp. 7–9.) Instead of a mandatory injunction, the Magistrate Judge recommended that this court enter a prohibitory injunction and require Plaintiffs to enforce the injunction in the normal

---

[1] In this Order, the Court must refer to the allegations by page number because the complaint contains two sets of allegation paragraphs numbered from 1 to 10.

[2] Plaintiffs allege that "Defendants' improper behavior includes the use of the [mark] . . . in their domain names and on the Internet . . . ." (Doc. 1, p. 7) Plaintiffs also allege certain information is displayed on "Defendants' websites" (*id.*) or "their vehicles or websites" (*id.* at 9).

[3] Furthermore, the "Whois" database information that Plaintiffs ask this Court to rely on is not, in fact, public record but rather is "a combination of information directories" run by third party registrars that contain self-reported "registration information about website operators." *See, e.g.*, Federal Trade Commission, *The Integrity and Accuracy of the "WHOIS" Database*, http://www.ftc.gov/os/2002/05/whois.htm. As such, it is also not particularly reliable. *See id.* (noting that "approximately 21 percent" of the FTC's warning letters were returned as undeliverable "because the addresses we obtained from the Whois database were inaccurate").

fashion, i.e., by filing a motion of enforcement supported by evidence of personal service on the parties subject to the injunction and evidence of violation of the injunction. (Doc. 18, p. 19.) Plaintiffs contend that they have been burdened enough already—they investigated the Defendants' businesses; they warned Defendants to stop using confusingly similar names; and they have brought and prosecuted this lawsuit—and that they should not be burdened further by the barriers recommended by the Magistrate Judge. The Court overrules this objection for two reasons.

First, Plaintiffs cannot enforce an injunction against a party who does not know of it. *See* Fed. R. Civ. P. 65(d)(2) (noting an injunction binds only those persons "who receive actual notice of it by personal service or otherwise."). The Magistrate Judge's recommendation is not only consistent with the Federal Rules, but it also recognizes the problematic issues present when an injunction issues against a defendant who chooses not to appear. By requiring proof of service the Court can ensure itself that the party subject to the injunction has actual knowledge of it. The Magistrate Judge's recommendation is a common sense—indeed, a no-nonsense—solution that prevents a potential problem from developing during the enforcement of the injunction.

Second, the record before the Court does not support the particular relief requested by Plaintiffs. The requested injunctive relief is mandatory in nature as it requires King Ranch Contractors, LLC and Cintron to take action. *See Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 484 (1996). "[M]andatory injunctions are to be sparingly issued and [only] upon a strong showing of necessity and upon equitable grounds which are clearly apparent." *Fox v. City of West Palm Beach*, 383 F.2d 189, 194 (5th Cir. 1967); *see also United States v. Bd. of Educ. of Green Cty., Miss.*, 332 F.2d 40, 46 (5th Cir.1965) ("mandatory injunctions are rarely issued . . . except upon the clearest

equitable grounds"); *Miami Beach Fed. Savings and Loan Ass'n v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958) ("A mandatory injunction . . . should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party."). In short, Plaintiffs have not made "a clear showing of entitlement" to the mandatory injunctive relief they seek or that compelling circumstances warrant such relief. *See Verizon Wireless Personal Communications LP v. City of Jacksonville, Fla.*, 670 F. Supp. 2d 1330, 1346 (M.D. Fla. 2009) ("Where a mandatory injunction is sought, 'courts apply a heightened standard of review; plaintiff must make a clear showing of entitlement to the relief sought or demonstrate that extreme or serious damage would result absent the relief.' "). The Court therefore overrules Plaintiffs' objection and adopts the recommendation of the Magistrate Judge.[4]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Limited Objections (Doc. 19) are **OVERRULED**.

2. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 18) is **ADOPTED** as the opinion of the Court.

3. Plaintiffs' Motion for Final, Default Judgment Against Defendants King Ranch Contractors, LLC and Carlos A. Cintron (Doc. 15) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The claims in Count IV (ACPA) and Count VI (common law unfair completion) of Plaintiffs' complaint are **DISMISSED WITHOUT PREJUDICE**.

---

[4] As recommended by the Magistrate Judge, the Court will not enter the proposed permanent injunction because it is patently overbroad. A modified injunction will issue separately.

    b. The Court **GRANTS** the motion as to Plaintiffs' claims of violations of federal and Florida common law trademark infringement (Counts I and V), federal unfair competition (Count II), and federal and Florida trademark dilution (Counts III and VII).

4. The Court will issue a default judgment and permanent injunction by separate order.

5. The Court awards cost to Plaintiffs.

6. The Clerk of Court shall close this file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 29, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record